# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

DANNY WILLIAMS,                )
                               )
    Plaintiff,              )
                               )
v.                             )   Case No. CV607-045
                               )
BILLY BROWN,                   )
                               )
    Defendant.              )

## REPORT AND RECOMMENDATION

Before the Court in this inmate civil rights case is defendant Billy Brown's motion for summary judgment. Doc. 63. Some background:

On July 17, 2007, Williams, an inmate in a Georgia state prison, filed an action pursuant to 42 U.S.C. § 1983 against Deputy Warden Billy Brown, Deputy Warden Wayne Johnson, and Warden Billy Tompkins, alleging violations of his constitutional rights as well as various state law claims. In particular, Williams alleged (1) retaliatory transfer, (2) denial of access to the courts, (3) deliberate indifference to medical needs, (4) denial of due process, (5) libel under Georgia state law, and (6) slander under Georgia state law. In support of his retaliatory transfer claim, Williams alleged that in 1999, Brown opened his legal mail, and, after Williams filed a grievance against Brown, he was transferred to another prison. Williams was transferred back to Smith State Prison in 2004. On September 7, 2005, while an inmate at Smith State Prison,

Williams submitted a grievance against the staff, primarily Brown, who Williams claimed forced him to "get rid of" his legal materials. On September 15, 2005, Counselor Angie Henry notified Brown of Williams's grievance. On September 19, 2005, Brown completed a witness statement. On September 22, 2005, Williams was transferred to Ware State Prison. Although Williams had previously requested and received approval for a positive transfer closer to his home, Williams's complaint alleged that "Brown, Johnson, and Tompkins subjected [Williams] to a retaliatory negative transfer to a facility twice as far from [Williams's] family...."

*Williams v. Brown*, 347 F. App'x 429, 431 (11th Cir. 2009). The district judge dismissed plaintiff's entire case as a sanction for misleading the Court about his prior lawsuits, but the Eleventh Circuit reversed that ruling as an abuse of discretion. *Id.* at 434. That court then upheld the district judge's merits-based dismissal of all but Williams's retaliatory transfer claim against defendant Billy Brown. *Id.* at * 4-5. Finally, it remanded to this Court to determine whether plaintiff raised a nominal damages claim. *Id.* This Court ruled that he did, doc. 52, reported at 2009 WL 4906861, so his case remained viable on that one claim,[1] against

---

[1] While retaliation cannot support compensatory or punitive damages, *Al-Amin v. Smith*, 2009 WL 4506571 at *3-4 (S.D. Ga. Dec. 3, 2009), 42 U.S.C. 1997e(e), which limits inmate damage claims lacking a physical injury component, does not bar suits seeking nominal damages. *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003); *Timmons v. Helm*, 2010 WL 2836118 at * 2 n. 2 (M.D. Fla. July 15, 2010); *Simmons v. Foster*, 2008 WL 4261070 at * 3 (M.D. Ga. Sept. 12, 2008).

which Brown now seeks summary judgment.[2]

The dispositive issue at this juncture turns on causation -- an indispensable element of a retaliation claim.[3] *Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003); *Blackshear v. Bailey*, 2010 WL 934002 at *12 (M.D. Fla. Mar. 10, 2010) (summary judgment to prison officials on inmate's retaliation claim for lack of causation). Brown attests that he

---

[2] Summary judgment

is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We must view all evidence and make all reasonable inferences in favor of the nonmoving party in making this determination. But "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.' " *In re Walker*, 48 F.3d 1161, 1163 (11th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). As the Supreme Court has explained: "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*In re Delco Oil, Inc.*, 599 F.3d 1255, 1257-58 (11th Cir. 2010) (cite omitted).

[3] Williams "'must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech.' *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

played no role in Williams's transfer. Doc. 63-1 ¶¶ 12, 13; doc. 63-3 at 4 ¶¶ 6, 7. Another prison official did. Doc. 63-6 ¶ 6, 7. Williams admits that he proceeds solely on suspicion and speculation here, not evidence. Doc. 63-10 at 10. That dooms his case. *Muhammad v. Sapp*, 2010 WL 2842756 at * 3 (11th Cir. July 21, 2010) ("inferences based upon speculation are not reasonable.") (quotes and cite omitted); *Bryant v. Dougherty County School System*, 2010 WL 2399351 at * 2 (11th Cir. June 15, 2010) ("the non-moving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is merely colorable or not significantly probative") (quotes and cite omitted).

Nor is Williams's implicit lay opinion -- that the illegible signature on his prison-transfer form must be Brown's -- enough to create a fact issue here. Doc. 63-10 at 10-11 (his deposition testimony implying this); *compare* doc. 63-4 at 2 (the transfer form's signature, which Deputy Warden Wayne Johnson says is his, doc. 63-6 at 4-5 ¶¶ 6,7) *with* doc. 63-3 at 4 (Billy Brown's affidavit reflecting demonstrably different signature). Plaintiff claims no personal knowledge, only his own implied "handwriting analysis," for which he does not claim any expert qualification. *Id.*

4

Hence, Williams at best advances a belief, which fails to interdict summary judgment against him. *See Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (an affidavit stating only that the affiant "believes" a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact); *Tavery v. United States*, 32 F.3d 1423, 1427 n. 4 (10th Cir. 1994) (affiant's statement "I do not believe that the Internal Revenue Service was the source of the information" regarding taxpayer's income, occupation, and tax funds was a mere statement of belief and therefore insufficient to support summary judgment on a source of disclosure issue), cited in 3 LITIGATING TORT CASES § 31:10 (Affidavits—Facts only) (2009). Brown and Deputy Warden Johnson, for that matter, have testified that Brown did not sign the request form -- Johnson did. Doc. 63-3 at 4 ¶ 7; doc. 63-6 at 4 ¶ 7. That testimony is unrebutted.[4]

---

[4] For that matter, Williams has filed a non-responsive response to defendant Brown's evidentially supported, Local Rule 56.1 Fact Statement. Brown's facts -- including the transfer form's "signature fact" -- are therefore established. *See Mann v. Taser Intern., Inc.* 588 F.3d 1291, 1303 (11th Cir. 2009) (failure by non-moving party to comply with Local Rule requiring that non-movant's response to summary judgment motion contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts is the functional analog of an unopposed motion for summary judgment, since compliance with Local Rule is the only permissible way for non-movant to establish a genuine issue of material fact).

Finally, plaintiff's opposition affidavit (doc. 66) bespeaks other evidence of retaliation, but does not even mention Brown, who is the sole focus of the instant motion and *this* case (again, he is the *only* defendant left in this case). Brown's Objection (doc. 68) therefore is sustained. Because Brown is entitled to prevail on these grounds alone, it is not necessary to reach his qualified immunity defense. Doc. 63-2 at 11-14.[5]

Accordingly, defendant Billy Brown's motion for summary judgment (doc. 63) should be **GRANTED**, and plaintiff Danny Williams's case should be **DISMISSED WITH PREJUDICE.**

So **REPORTED AND RECOMMENDED** this  12th  day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[5] Brown, incidentally, cites to Williams's multiple "retaliation" lawsuits in different courts. Doc. 63-2 at 9-10 n. 5. The Georgia Attorney General is reminded that nothing prevents prison defendants from raising a 28 U.S.C. § 1915(g) defense and urging a filing injunction against serial filers. *See Smith v. Florida Dept. of Corrections*, 369 F. App'x. 36, 40 (11th Cir. 2010) (injunction prohibiting state prisoner from filing in forma pauperis petitions in civil cases litigated in federal court was not overbroad, where prisoner was not prohibited from actions in which he paid the appropriate fees, from criminal cases or from litigating in state courts), applied in *Harris v. St. Lawrence*, CV410-047 doc. 3 (S.D. Ga. May 12, 2010), *adopted*, doc. 6.